IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED

04/16/2026

LAURA A. AUSTIN, CLERK
BY: **/s/ Amy Fansler**
DEPUTY CLERK

| | | |
|---|---|---|
| ALLISON DAUGHTREY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 5:26-cv-70014 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| WINCHESTER POLICE DEPARTMENT, | ) | Chief United States District Judge |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Daughtrey, proceeding pro se, purported to bring this suit in her own name and in the names of her two minor daughters, R.L. and B.L., against the Winchester Police Department and Officers Haines and Meredith under 42 U.S.C. § 1983. (Dkt. Nos. 1, 6.) She moves to proceed in forma pauperis under 28 U.S.C. § 1915. (Dkt. No. 2.) Daughtrey's affidavit shows that her motion should be granted, but the court will dismiss her complaint because it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal will be without prejudice.

### I. BACKGROUND

Daughtrey alleges that, on March 5, 2024, Winchester Police Officers Haines and Meredith "made false reports to CPS, obstructed justice, tampered with evidence and used excessive force causing harm and malicious prosecution." (Dkt. No. 1 at 4 (cleaned up).) She seeks over $700,000 in damages. (*Id.*) Her complaint and its attachments are sparse; she promises to provide more detail later. (Dkt. No. 1-1 at 2.) The court makes out the following.

On March 5, 2024, Officer Haines encountered Daughtrey and her nine- and eleven-year-old daughters in the parking lot of a Winchester City hotel while investigating a

license-plate alert for a stolen U-Haul transit van.  (Haines's Crim. Compl., Dkt. No. 6-1 at 1.)

According to his criminal complaint, Haines determined that Daughtrey knew the van's lease had

expired a week earlier and that she and her daughters had been living in the van "for the last few

months travelling to and from Maryland and Arizona.  An attempt to have the kids picked up by

a family member through a safety plan with DSS was unsuccessful due to [Daughtrey] not being

cooperative even after being advised the kids would have to go into foster care."  (*Id.* at 1–2.)

Daughtrey was charged with unauthorized use of a motor vehicle and contributing to the

delinquency of a minor.  (Dkt. No. 1-1 at 1; Dkt. No. 6-1 at 3, 8.)  She believes that the defendant

officers were dishonest in filing the criminal complaint and in the ensuing criminal and custody

proceedings.  (Dkt. No. 1 at 4; Dkt. No. 1-1 at 1–2; Dkt. No. 6.)

> As a result of your actions, my children were kidnapped by the entity known as CPS, separated from me, their natural Mother, forced to sleep in an office space of a commercial building permitted to operate only for business purposes, not residential needs; Inadequate shelter.  I was imprisoned for 27 days, injured and charged with several false allegations based on an exaggerated report, in which you reported maliciously and filed utilizing an official sworn document.  My children were placed in an unknown, unfamiliar environment that impacted our emotional, physical and mental well-being that resulted in torment, mental anguish and almost death, resulting in my right to file suit.

(Dkt. No. 1-1 at 2.)  Daughtrey made FOIA requests and discovery motions for body-camera

footage but was dissatisfied with the redactions.  (*Id.* at 4–5; Dkt. No. 6-1 at 4–7.)  Pursuant to a

court order, her daughters remained in temporary foster care, in Winchester DSS's custody, as of

July 2024.  (Dkt. No. 6-1 at 11–16.)  The criminal charges were dismissed nolle prosequi in

October 2025.  (*Id.* at 8–10.)  Nothing further is discernible from Daughtrey's pleading.

## II.  LEGAL STANDARDS

A party instituting a civil action must usually pay a filing fee, 28 U.S.C. § 1914, but the court may authorize the party to proceed without prepayment, in forma pauperis, if she submits an adequate affidavit of her poverty, § 1915(a)(1).  The court must dismiss the case at any time if the court determines that the action fails to state a claim on which relief may be granted. § 1915(e)(2)(B)(ii).

A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court must construe all facts and reasonable inferences "in the light most favorable" to the plaintiff, *Kashdan v. George Mason Univ.*, 70 F.4th 694, 700 (4th Cir. 2023), but need not accept "unwarranted inferences, unreasonable conclusions, or arguments," *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *E. Shore Markets, Inc. v. J.D. Assocs.*, 213 F.3d 175, 180 (4th Cir. 2000)).

A pro se complaint must be construed liberally.  *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016).  "Principles requiring generous construction of *pro se* complaints are not, however, without limits."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Even a pro se complaint must "state a claim to relief that is plausible on its face."  *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

## III.  ANALYSIS

### A.  Authorization to File Complaint

Daughtrey's financial affidavit (Dkt. No. 2) satisfies the court that she cannot pay the filing fee and should be allowed to proceed in forma pauperis.  28 U.S.C. § 1915(a)(1).  But the

3

court also finds that her complaint fails to state a claim on which relief may be granted.

§ 1915(e)(2)(B)(ii).

**B.  Parties to Lawsuit**

**1.  Plaintiffs**

Daughtrey is entitled to proceed pro se to vindicate her own rights.  28 U.S.C. § 1654.

But she may not proceed pro se on behalf of her minor daughters.  *Shaw v. Lynchburg Dep't of*

*Soc. Servs.*, No. 6:08-cv-00022, 2009 WL 222663, at *4 (W.D. Va. Jan. 29, 2009).  And her

minor daughters may not proceed in their own names.  Fed. R. Civ. P. 17(c)(2).  Unless a proper

next friend comes forth *through counsel* on behalf of her minor daughters, the court must confine

its consideration to Daughtrey's own claims.

**2.  Defendants**

A local police department is not an entity that can be sued under Virginia law, so

Daughtrey cannot state a claim against the Winchester Police Department.  *Santiago v.*

*Lynchburg Police Dep't*, No. 7:23CV00281, 2024 WL 542414, at *2 (W.D. Va. Feb. 12, 2024).

And, even if Daughtrey were to name a municipality, like the City of Winchester, that could

properly be sued under 42 U.S.C. § 1983, Daughtrey alleges nothing like the sort of policy or

custom that could make a claim against such a defendant plausible.  *See Monell v. Dep't of Soc.*

*Servs.*, 436 U.S. 658, 694 (1978).

Similarly, Daughtrey's complaint, even construed liberally, does not state a plausible

claim again Officers Haines and Meredith.  Again, she does not allege any sort of policy or

custom that could support a claim against them in their official capacities—really, that is, against

the City of Winchester.  *See id.* at 690 n.55.  And the court may not speculate how Daughtrey

intends her factual allegations to support her legal theory against Haines and Meredith in their

4

individual capacities.  The court surmises that she means to allege irregularities in Haines's

criminal complaint and some body-camera footage, but the materials attached to her pleading, on

their face, tell a story of entirely regular police work.  And, apart from naming him as a

defendant, the complaint and materials do not mention Meredith at all.  *See Wilcox v. Brown*, 877

F.3d 161, 170 (4th Cir. 2017) (requiring allegation of defendant's personal involvement in

alleged misconduct).  Daughtrey might well have more to say.  (*See* Dkt. No. 1-1 at 2 ("A wide

scope of documented court hearings, witnessed and recorded incidents that took place on or

about March 5, 2024 that will be completely detailed and made available during court

proceedings and hearings . . . .").)  But this is the stage of the case to plead such facts.  *See*

*Jackson*, 775 F.3d at 178.  Until she does, her claims cannot proceed.

Because Daughtrey's complaint fails to state a claim on which relief may be granted, the

court must dismiss this case.  28 U.S.C. § 1915(e)(2)(B)(ii).  The dismissal will be without

prejudice to filing an amended complaint on her own behalf—attaching any materials she intends

to incorporate, without relying on her prior filings—that contains adequate factual allegations to

plausibly state a claim on which relief may be granted.

CONCLUSION

For the foregoing reasons, Daughtrey's motion to proceed in forma pauperis (Dkt. No. 2)

will be granted, and this case dismissed without prejudice.  28 U.S.C. § 1915(e)(2)(B)(ii).  A

consistent order will be issued.

Entered: April 16, 2026.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge

5